IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 APR 15 PM 2: 36

| | |
|---|---|
| DANIEL L. MOORE, et. al. | } |
| (Plaintiffs) | } |
| v. | } C.A. No. 04-1396 JJF |
| STATE OF DELAWARE, | } |
| DEPT. OF CORRECTIONS, et. al. | } |
| (Defendants) | } |

MOTION TO AMENDMENT

Plaintiffs, come to the Court pursuant to Rule 15 (a), of the Federal Rules of Civil Procedure, and ask the Court for leave to amend the complaint to include character assassination, defamation of character, slander, verbal harassment and mental distress. The Defendants from the beginning have sought to portray the (lead) Plaintiff in an unfavorable and negative light by spreading lies and rumors in order to have others to be distrustful and to view him other than he actually was and is. The Defendants have shown an affinity for the placing of labels on the Plaintiff in order to have others to mock, laugh and to subject him to ridicule. The Plaintiffs', Rule 61 Motion to Amend, which was filed in the Superior Court of New Castle County, Delaware on May 12, 1999 lists a few of the labels that were placed on him by some of the Defendants. **(Hereto attached as Exhibit "A" is a copy of the Post Conviction Relief Motion that was filed.)**

The Plaintiff sent a letter to the then President Judge of the Superior Court of Delaware, the Honorable Henry duPont Ridgely in which he advised him of a few of the labels seeking his assistance in securing justice for himself. The letter was subsequently sent to the Honorable Norman Barron of the Superior Court of Delaware attached to a letter written by the Honorable duPont Ridgely. **(Hereto attached as Exhibit "B" is a copy of the letter that was forwarded to the Honorable Norman Barron.)**

My brief summary of facts that was composed on December 7, 1998 goes into detail of explaining the actions of some of the individuals employed by the Department of Corrections in their quest to punish and torture me into submission. It was written prior to my regaining my freedom and it lists some of the effects that I and others were subjected to without our consent and knowledge of what it was that they were using on us and the citizens of this state. If reviewed with what the technology is capable of doing you will see that it mirrors the effects that are capable of being created with the use of electromagnetic weapons, psychotronic weapons, directed energy weapons and microwave weapons and any other weapon of that class. **(Hereto attached as Exhibit "C" is a copy of the brief summary of facts.)**

Plaintiff was forced to have a psychiatric evaluation by the state of Delaware under the pretense that the examining physicians would be party to their scheme to have him made a mental health patient in order to discredit him and to prevent his regaining of his freedom via bail and the removal of the contract attorney (Joseph Gabay, Esq. who was a willing conspirator for the state) but the test results did not support their efforts in denying me justice. **(Hereto attached as Exhibit "D" are two (2) documents that substantiate that the evaluation was performed and passed thereby forcing the**

**elimination of Joseph Gabay as attorney of record and allowing Plaintiff to be Pro Se and regain his freedom via bail.)**

Plaintiff sought assistance from more than one hundred (100) people and organizations and amongst them the calendar from 1997, chronicles some of the actions and verbal abuse that he was subjected to in the presence of others by some of the Defendant's as well as his attempts at receiving assistance. August and September 1997, shows how the Plaintiff sought assistance from the now retired District Court Judge, the Honorable Murray Schwartz (August 27th and September 19th), Delaware State Police Officer Paul Smentkowski (September 12th) and how Nancy Dunlap from the Psycho-Forensic Department came to interview him at the request of his attorney of record at that time J. Brendan O'Neill, Esq. on August 29th, after the Plaintiff appealed to Mr. O'Neill for assistance. Plaintiff also sought assistance from Stanley Taylor and Paul Howard (August 6th and again on September 10th), counselors at DCC Mike Matthews, John Zimmerman and Frances Lewis (August 22nd), Reverend Christopher A. Bullock (September 12th), and from then Lt. Governor Ruth Ann Minner (September 10th and 29th) and all refused to attempt to assist with the exception of Reverend Bullock who replied on September 26th and had Reverend Tyrone Johnson to come see me but he believed the lies that the staff at MPCJF told him concerning my state of mind. It also shows that the Defendants had the Plaintiff assaulted physically by its guards on August 19th, (after I refused to allow Nurse Gloria and Nurse Andrew to inject me with Prolixin on August 18th and again on September 25th, and also with the use of its equipment/weapon on August 10th, 14th, 19th, 24th, 26th, 28th and September 5th, 7th, 8th, 9th and 15th. **(Hereto attached as Exhibit "E" are the months of August and September 1997.)**

Plaintiff also contacted state senator Margaret Rose Henry who must have believed because on April 7, 1998 she informed me to contact the members of the Adult-Juvenile Corrections Committee to tell them of what was being done by the staff within the Department of Corrections. On April 8, 1998 I sent letters to the members who consisted of: M.R. Henry, C. Lee, N. Wagner, G. Buckworth, B. Ewing, N. Cook, D. Williams, C. Bonini, P. Blevins and J. Vaughn. But after writing to all of them there was no further response from Senator Henry nor did any of the members of the committee respond. **(Hereto attached as Exhibit "F" is the month of April 1998.)**

Labels that were placed in 1997, are still being used now and are having the effect sought by the Defendants (disruption of my life and causing unnecessary problems and dilemmas) when they were originally placed. The primary labels that are impacting negatively are the man of the Lord and man of God because the Plaintiff is a Christian and being such views himself as only a child and servant of God. Plaintiff has been referred to on numerous occasions by both labels and has been asked if he was a Minister on many occasions when he has attended different Churches. Plaintiff has even been tested in his knowledge of the Bible by a Minister who was under the impression that the Plaintiff was endorsing being referred to by the label of the man of God. Plaintiffs' Rule 61 Motion to Amend as well as his letter to the Honorable Henry duPont Ridgely includes the placing of those labels. The Department of Corrections had its personnel to portray me as a mental patient who was running scared with the approval of Sheresse Brewington-Carr, who attempted to force me to write a letter stating that I was scared while I was at MPCJF. I was moved sixteen (16) times in thirteen (13) months with five

(5) of the moves to the infirmary and three (3) of them to a disciplinary pod where I was locked in for twenty-three (23) hours of each day. This all occurred from January 30 1997 to February 26, 1998 during my initial stay at MPCJF. **(Hereto attached as Exhibit "G". The movements are recorded on the bottom of the page.)**

If the state questions the authenticity of my calendars and notations or the brief summary of facts written on December 7, 1998, I will gladly submit portions to be tested to validate the age of the paper as well as the ink.

Plaintiff is including a letter and a report from Lynn Surgalla, who is a former Vice President of the United States Psychotronics Association and has been classified as an expert on the technology/weapons that are being used on all of the Plaintiffs and others. **(Hereto attached as Exhibit "H".)**

Plaintiffs also submits as evidence an article from CNN that shows that some of the effects that were listed in the forms filled out by the Co-Plaintiffs in 1999, have now been admitted to by Sony Corporation who were granted a patent (US Patent #6,729,337- Thomas Dawson, May 4, 2004) that will enable them to beam ultrasonic pulses at specific areas of the brain to induce "sensory experiences" such as smells, sounds and images. This is a non-invasive system and process for projecting sensory data onto the human neural cortex. **(Hereto attached as Exhibit "H" is the news article from CNN.com dated April 7, 2005.)**

## RELIEF

Plaintiff asks for leave of the Court, to amend the complaint by also seeking an additional $1,000,000 ( total sought is now $3,500,000 for compensatory and punitive) in damages

due to the fact that everything is still continuing as it did from the very beginning to the date of the filing of this amendment. The Defendants continue to act with a culpable state of mind and act as if they are above the law by allowing its agents to continue with its violations of the constitutionally guaranteed rights and privileges of the Plaintiff's and others showing total disregard to the consequences of a person being subjected to the use and exposure of the technology that is in use. The Defendants continue to use technology/weapons that are capable of killing despite its being labeled as less than lethal or non lethal. Due to this fact they hope to instill fear into the Plaintiff's and others to force them to acquiesce to their desires and to be fearful of complaining or else they will be made an example of and be subjected to more torture while in the confines of their homes where there are no witnesses. Defendants continue to allow their agents to disrupt and to deprive the Plaintiff's and others of their sleep as well as privacy. Due to the total and complete disregard for these as well as numerous others reasons the Plaintiff feels that an increase in relief is justified and merited.

## APPENDIX

A. Plaintiffs' Motion to Amend Rule 61 that is dated May 8, 1998

B. Letter from then President Judge of the Superior Court of the State of Delaware.

C. Summary of Facts dated December 7, 1998.

D. Proof of psychiatric evaluation performed at the request of the state.

E. Calendar months of August and September 1997.

F. Calendar month of April 1998.

G. Page that chronicles the extraordinary movements of Plaintiff.

H. Letter and credentials of Lynn Surgalla and report on EM weapons.

I. News article from CNN and dated April 7, 2005.

*Daniel L. Moore* (signature)

Daniel L. Moore
22 Ryan Avenue
Rose Hill Gardens
New Castle, De. 19720
Date: April 15, 2005

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on April 15, 2005, that he caused the attached Plaintiffs' Motion to Amend to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF ATTORNEY OF RECORD FOR ALL DEFENDANTS:**

Richard W. Hubbard
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, De. 19801

**MANNER OF DELIVERY:**

Two true copies hand delivered.

Daniel L. Moore
22 Ryan Avenue
Rose Hill Gardens
New Castle, De. 19720