IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL L. MOORE, et. al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) C.A. No. 04-1396 JJF |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| DEPT. OF CORRECTIONS, et. al. | ) |
| | ) |
| Defendants | ) |
| | ) |

*RECEIVED MAY 31 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE*

**PLAINTIFFS' RESPONSE TO THE DENFENDANTS' MOTION TO DISMISS**

Plaintiff, Daniel L. Moore, now presents to this Court his response in Support against the Defendants' Motion to Dismiss and Amend.

*/s/ Daniel L. Moore*

Daniel L. Moore
22 Ryan Avenue
Rose Hill Gardens
New Castle, De. 19720

Dated: May 27, 2005

1

Comes now the Plaintiff, Daniel L. Moore, in the above entitled action to hereby present this response in respect to the Defendants' Motion to Dismiss.

The rules of the Court governing Procedural Law are uniform in nature and thereafter, the application of such rules act as guidelines to direct attention to the Court for review of the facts in any course of action.

As stated heretofore, the Defendants' are claiming that the Plaintiff may be time barred by the Statute of Limitations. This is not so in this case due to the tolling period implemented by this action of original nature. The action filed in 1997-1998, was prolonged by the tactics of the State and its' colleagues. There is no standing in their request for dismissal due to the tolling period of an original action.

As it stands had the Plaintiff been afforded a proper opportunity as to an appeal, it would operate as a denial of Due Process.

This is pursuant to 28 U.S.C. sec. 1291 and under **DEUTSCHE v. U.S.,** 67 F. 3d 1080, 1083 (3d. Cir. 1995), and subject matter jurisdiction pursuant to 28 U.S.C. sec. 1343.

Also the discovery of the harm that was done to the Plaintiff was not known until recently which also can be a factor that affects the tolling of the Statute of Limitations.

One of the reasons for the Statute of Limitations is Fairness: That is that over time memories will fade and evidence will be lost or never found but that is not an issue in this case.

It is also inequitable to allow a Defendant to use the defense of the running of the limitations period as in this case where they continue to allow their colleagues in positions of authority to intimidate others into being fearful of reporting the wrongdoings. Emotional distress is also an issue in this case which acts as a factor in extending the period of time afforded for seeking justice **DAHLIN v. EVANGELICAL CHILD & FAMILY AGENCY**, 2002 WL, 31478216 (N.D. Ill. Dec. 18).

Regardless of the Defendants' contention, there operates an unfairness directed to the Plaintiff because he is Pro Se, that his claims are related to his original 1983 action in which there was a clear showing of the facts presented for review. Now, the circumstances demonstrate something different at this point. One question is how this action could receive such attention had it not been Procedurally Inadequately designed. **BAKER v. McCOLLAN**, 99 S.Ct. 2689 (1979), **HAYWOOD v. YOUNGER**, 769 F. 2d. 1350, 1354 (9th Cir. 1985).

The Defendants have continued to act in a manner that is outrageous and unacceptable in a civilized society. **HOWELL v. NEW YORK POST CO.** 81 NY 2d. 115, speaks of conduct "So outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

Plaintiff has demonstrated the severity of his claims over the course of this action and though there were and still are roadblocks in place, the Defendants' are still failing to operate in good faith. Attempts to resolve these issues have taken a toll on the proceedings making this a never ending task of monumental proportions. Thus futility is eminent.

# APPENDIX

A. Plaintiffs' Motion to Amend (Rule 61), filed in Superior Court dated May 8, 1998.

B. Letter from then President Judge of the Superior Court of the State of Delaware.

C. Summary of Facts dated December 7, 1998.

D. Proof of psychiatric evaluation performed at the request of the state.

E. Calendar for the months of August and September 1997.

F. Calendar for the month of April 1998.

G. Page that chronicles the extraordinary movements of the Plaintiff.

H. Letter from and credentials of Lynn Surgalla and report on Electromagnetic Weapons.

I. News article from CNN dated April 2005.

Daniel L. Moore
22 Ryan Avenue
Rose Hill Gardens
New Castle, De. 19720
Dated: May 27, 2005

**CERTIFICATE OF SERVICE**

This is to certify that I did hand deliver two (2) true copies of the, "Plaintiffs' Response To The Defendants Motion to Dismiss" to the attorney of record Richard W. Hubbard at 820 N. French Street, 6th Floor, Wilmington, Delaware on May 31, 2005.

*Daniel L. Moore*

Daniel L. Moore
22 Ryan Avenue
Rose Hill Gardens
New Castle, De. 19720
May 31, 2005