Daniel L. Moore
22 Ryan Avenue
Rose Hill Gardens
New Castle, De. 19720
July 6, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
District of Delaware
Lock Box 27
844 N. King Street
Wilmington, De. 19801



**Re: Daniel L. Moore, et. al. v. State of Delaware, et. al.**
**C.A. No. 04-1396-JJF**

Dear Judge Farnan,

    I received the copies of the Defendants Motion to Strike via the U.S. Postal Service on June 8, 2005.
    Attached along with this letter is my response to their motion which I pray the Court will review favorably and allow all of the Plaintiffs to receive Justice for the wrongs that were done to them.
    I thank you in advance for your anticipated assistance and cooperation in this matter.

Sincerely,

Daniel L. Moore

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL L. MOORE, et. al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) C. A. No. 04-1396 JJF |
| | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| DEPARTMENT OF CORRECTIONS, et. al. | ) |
| | ) |
| Defendants | ) |
| | ) |

**PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO STRIKE**

1. In addressing Defendants Motion to Strike, (paragraph 3): the entitlement of the Eighth (8th) Amendment rights is a broad spectrum of the Constitution and of the Civil Rights Act of 1964, reaching as far back as the Ku Klux Klan Act of 1871.

In **LEE v. CITY OF LOS ANGELES,** C.A. 9 (Cal. 2001); at 250 F. 3d 668, (page 18) states:

The Eighth (8th) Amendment's prohibition of "cruel and unusual punishments", applies only "after conviction and sentence." GRAHAM v. CONNOR, 109 S.Ct. 1865 (1989), citing INGRAHAM v. WRIGHT, 97 S.Ct. 140 (1971).

2. Furthermore, "The Equal Protection Clause of the Fourteenth (14th) Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws; which is essentially a direction that all persons similarly situated should be treated alike." CITY OF CLEBURNE v. CLEBURNE LIVING CENTER, 105 S.Ct. 3249 (1985) citing PLYER v. DOE, 102 S.Ct. 2382 (1982).

3. Though a series of events have taken place over the course of this action, at this point paragraph 3 of the Defendants motion is irrelevant; in fact, it is without merit because this Court has been apprised of the content involved therein. The issues at hand are whether the Plaintiffs have complied with the rules of the Court, as to which has been done in a timely matter effective as to the original complaint.

4. As to Rule 12 in conjunction to D.Del L.R. 7.1.2, in relevance to;

(b). Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

Failure to state a claim upon which relief can be granted: See; GATTIS v. CITY OF WILMINGTON, ____A.2d._____, (Del. Super.Ct. Mar. 17, 2003). ZOREN v. GENESIS ENERGY, L.P., 836 A.2d. 521 (Del. Ch. 2003).

In respect to this Court, Plaintiffs seek to have this Court to continue in a manner designed so as to afford them the relief and entitlements due from the original course of action.

_[signature]_
Daniel L. Moore
22 Ryan Avenue
Rose Hill Gardens
New Castle, De. 19720
July 6, 2005

**CERTIFICATE OF SERVICE**

This is to certify that I did hand deliver two (2) true copies of the, "Plaintiffs' Response To The Defendants Motion to Strike" to the attorney of record Richard W. Hubbard at 820 N. French Street, 6th Floor, Wilmington, Delaware on July 6, 2005.

                                          Daniel L. Moore
                                          22 Ryan Avenue
                                          Rose Hill Gardens
                                          New Castle, De. 19720
                                          July 6, 2005