IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL L. MOORE,                          :
                                          :
          Plaintiff,                      :
                                          :
     v.                                   : Civil Action No. 04-1396 JJF
                                          :
STATE OF DELAWARE; DEPARTMENT OF          :
CORRECTION; STANLEY TAYLOR; ROBERT        :
SNYDER; SHERESSE BREWINGTON-CARR;         :
RAPHAEL WILLIAMS; PERRY PHELPS;           :
MICHAEL COSTELLO; and other              :
nameless employees at MPCJF and           :
DCCOE,                                    :
          Defendants.                     :

_____

Daniel L. Moore, New Castle, Delaware.
Pro Se Plaintiff.

Richard W. Hubbard, Esquire, Deputy Attorney General, Wilmington,
Delaware.
Attorney for Defendants.

_____

**MEMORANDUM OPINION**

July 27, 2005
Wilmington, Delaware

FARNAN, District Judge.

Presently before the Court is a Motion To Dismiss (D.I. 9) filed by Defendants, and a Motion To Amend (D.I. 17) filed by Plaintiff, Daniel L. Moore.  For the reasons discussed, the Motion To Dismiss (D.I. 9) will be granted and the Motion To Amend (D.I. 17) will be denied.

## BACKGROUND

Mr. Moore was incarcerated in Gander Hill Prison in the state of Delaware from 1997 until his release in January 1999.  On October 27, 2004, Mr. Moore filed a Complaint alleging that in March 1997 the Delaware Department of Corrections ("DDOC") "activated" him and placed him "online", whereby he was subjected to experimentation by way of classified and unclassified electronic technology in violation of his Eighth Amendment rights.  Specifically, Mr. Moore alleges that the DDOC subjected him to behavioral modifications without first obtaining his informed consent.  The behavioral modifications Mr. Moore complains of include:

> choking sensation, pain on bones and teeth, bubbles
> moving on genitals, amplified heartbeat, artificially
> induced diarrhea, artificially induced tinnitus,
> unnatural gas expulsions, gritty substances thrown on
> face in eyes and head, laser use (heat, burns, cutting
> feelings), false dreams, hair-like object brushing
> face, stings on head and body (emphasis on genitals),
> wet feelings on body and clothing, biting sensations
> on body, feeling of being castrated, genitals being
> squeezed and jerked, drilling sensations on head and
> teeth, object forced up rectum, forced eye blinking,
> muscles twitching uncontrollably, sounds (bells,

1

chains, voices, etc,), smells varying form sweet to
nauseous, forced erections, pressure on eye sockets
and eardrums, vibrations on head, and beams of light.

(D.I. 1, Ex. F.) Further, Mr. Moore alleges that others

can hear his thoughts, and that he is subject to "overt and

covert verbal harassment by total strangers and others saying the

same things that were said" by guards, inmates, and other workers

within the prison where Mr. Moore was incarcerated.   (D.I. 1 at

9.)   Mr. Moore alleges that such experimentation continues at

the present time, although Mr. Moore was released from the

custody of the DDOC in January 1999.   Mr. Moore seeks $1,000,000

in compensatory and $1,500,000 in punitive damages, among other

monetary relief.[1]

On December 17, 2004, Defendants in the present action filed

a Motion To Dismiss (D.I. 9) pursuant to Federal Rule of Civil

Procedure 12(b)(6).

On April 15, 2005, Mr. Moore filed a Motion To Amend (D.I.

17) seeking to amend his Complaint by adding claims for

"character assassination, defamation of character, slander,

verbal harassment and mental distress," and to recover an

---

[1]In 1999, Mr. Moore filed a similar Complaint against
Correctional Medical Services and Prison Health Services, two
medical providers that treat inmates at DDOC prisons.   (Daniel L.
Moore v. Correctional Medical Services, et al., C.A. No. 99-158,
Farnan, J. (March 12, 1999)).   Mr. Moore was proceeding in forma
pauperis in the 1999 action, and the Court dismissed Mr. Moore's
1999 Complaint as legally frivolous pursuant to 28 U.S.C. §§
1915(e)(2)(B) and 1915A(b)(1).

additional $1,000,000 in damages.  (D.I. 17.)

## DISCUSSION

## II.  Motion To Dismiss Filed By Defendants

When a court analyzes a motion to dismiss brought pursuant
to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must
accept the factual allegations of the Complaint as true.
Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir.
2000).  The court must draw all reasonable inferences in favor of
the nonmoving party.  Id.  Pro se complaints are held to "less
stringent standards than formal pleadings drafted by lawyers and
can only be dismissed for failure to state a claim if it appears
'beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief.'"
Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v.
Gibson, 355 U.S. 41, 45-46 (1957)).

By its Motion, Defendants contend that, given the allegation
of the Complaint, it fails to state any facts supporting a claim
for relief or any legal theories supporting a claims for relief
and must be dismissed pursuant to Federal Rule of Civil Procedure
12(b)(6).  Defendants also contend that Mr. Moore has failed to
show how the defendants participated in, personally directed, or
acquiesced in the events that Mr. Moore claims deprived him of
his constitutional rights.  Further, Defendants claim that Mr.
Moore's § 1983 claims are absolutely barred by the two-year

3

limitation period set forth in the applicable statute of
limitations, 10 Del. Code § 8119.

After reviewing Mr. Moore's Complaint, the Court concludes
that Mr. Moore's § 1983 claim is based on facts that provide no
basis for the granting of relief by the court.  Cf. Shane v.
Fauver, 213 F.3d 113, 117 (3d Cir. 2000).  Accordingly, the Court
will dismiss the Complaint for failure to state a claim upon
which relief can be granted pursuant to Federal Rule of Civil
Procedure 12(b)(6).

**II.  Motion To Amend Filed By Mr. Moore**

Although Mr. Moore must obtain leave of the Court in order
to amend his pleadings, that leave "shall be freely given when
justice so requires."  Fed. R. Civ. P. 15(a).  However, a court
will deny leave to amend if such amendment would be futile.
Cowell v. Palmer Township, 263 F.3d 286, 296 (3d Cir.
2001)(citing Maio v. Aetna, Inc., 221 F.3d 472 (3d Cir. 2000)).

The claims Mr. Moore seeks to add depend on the same factual
bases as the original § 1983 claim.  Thus, the Court concludes
that Mr. Moore's amendment would be futile because it does not
cure the frivolous nature of Mr. Moore's original Complaint.
Accordingly, the Court will deny the Motion To Amend (D.I. 17).

CONCLUSION

For the reasons discussed, the Court will grant the Motion
To Dismiss (D.I. 9) filed by Defendants and deny the Motion To

4

Amend (D.I. 17) filed by Mr. Moore.

An appropriate order will be entered.